UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DIFOLD INC.,

    Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

    Defendants.

Case No.: 24-cv-61292-RS

### SEALED ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)

This matter comes before the Court on Plaintiff's Second Renewed *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) (the "Motion") [DE 22]. The Court has carefully considered the Motion, the record, and the applicable law.

Plaintiff DIFOLD INC. ("Plaintiff"), seeks an order granting alternative service of process on the Defendants in this action, all of which Plaintiff believes are residing and/or operating in the People's Republic of China and/or redistribute products from sources in China. The Plaintiff alleges that the Defendants have established Internet-based businesses and utilize electronic means as reliable forms of contact. Therefore, the Plaintiff seeks to serve the Defendants by both email and by website posting.

Federal Rule of Civil Procedure 4(f)(3) permits a district court to order an alternate method for service to be effected upon foreign defendants, provided it is not prohibited by international

agreement and is reasonably calculated to give notice to the defendants. *See Brookshire Bros. v. Chiquita Brands Int'l, Inc.*, No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)). "Constitutional due process requires only that service of process provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Chanel, Inc. v. Zhixian,* No. 10-CV-60585, 2010 WL 1740695, at *3 (S.D. Fla. Apr. 29, 2010) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). "A party seeking authorization for alternate service under Rule 4(f)(3) need not attempt service by those methods enumerated under subsections (f)(1) and (f)(2), including by diplomatic channels and letters rogatory, before petitioning the Court for 4(f)(3) relief." *Sec. & Exch. Comm'n v. Palm House Hotel, LLLP,* No. 18-CV-81038, 2018 WL 9849603, at *1–2 (S.D. Fla. Nov. 7, 2018) (citation omitted). "The decision to accept or deny service by alternate means pursuant to Rule 4(f)(3) falls soundly within the discretion of the district court." *Id.* at *2.

Here, service by e-mail and web publication are not prohibited by international agreement. The United States and China are signatories to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters ("Hague Service Convention"). *See* Status Table: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited February 6, 2025) (listing current contracting states). The Hague Convention does not specifically preclude service by e-mail and Internet publication. Further, "[w]here a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited

to those means and does not represent an objection to other forms of service, such as e-mail or publication." *Karsten Mfg. Corp. v. Store*, No. 18-61624-CIV, 2018 WL 8060707, at *1 (S.D. Fla. July 26, 2018) (citation omitted). "A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where a signatory nation has not expressly objected to those means." *Id*. China has not objected to service by e-mail or Internet publication.[1] Accordingly, service by these means do not violate an international agreement.

Additionally, due process is not offended. Defendants have at least one known form of electronic contact and Plaintiff has created a website for the sole purpose of providing notice of this action to Defendants. The address to this website will be provided to Defendants through their known e-mail accounts. Service by e-mail and website posting are therefore reasonably calculated, under all circumstances, to apprise Defendants of the pendency of the action and afford them an opportunity to present their objections. Moreover, these are the most likely means of communication to reach Defendants, who operate via the Internet and rely on electronic communications for the operation of their businesses. *See Tiffany (NJ) LLC v. DORAPANG Franchise Store*, No. 18-CV-61590, 2018 WL 4828430, at *3 (S.D. Fla. July 17, 2018). Thus, the Court will exercise its discretion to allow service on Defendants through e-mail and website posting. Accordingly, it is

**ORDERED** that:

1. The Plaintiff's Motion [DE 22] is **GRANTED**.

---

[1] While China has declared that it opposes, either fully or partially, the service of documents in its territories by the alternative means of service outlined in Article 10 of the Convention, including the service of process by postal channels, it has not expressly objected to service via e-mail or publication.

2. Pursuant to Rule 4(f)(3), the Plaintiff is permitted to serve the Summons, Complaint, and other relevant filings in this matter upon each Defendant in this action:

    a. by providing the address to Plaintiff's designated serving notice website to Defendants via the e-mail accounts provided by the Marketplace Platforms; and

    b. by publicly posting a copy of the Summonses, Complaint, and all relevant filings in this matter on Plaintiff's designated serving notice website.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 7th day of February, 2025.

_____
**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of record
     Seal Clerk